**Maria Antonia RODRIGUEZ–PAREDES, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–73867.**

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2012.*

Filed May 25, 2012.

Philippe Dwelshauvers, Esquire, Fresno, CA, for Petitioner.

David V. Bernal, Assistant Director, OIL, Lauren Fascett, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, GRABER, and M. SMITH, Circuit Judges.

MEMORANDUM **

Maria Antonia Rodriguez–Paredes, a native and citizen of El Saldavor, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen deportation proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review de

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

novo due process claims. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Rodriguez–Paredes' motion to reopen as untimely because she filed the motion more than eighteen years after the BIA's final order of deportation. *See* 8 C.F.R. § 1003.2(c)(2). Rodriguez–Paredes' contention that reopening is warranted because she lacked adequate notice under *Flores–Chavez v. Ashcroft,* 362 F.3d 1150 (9th Cir.2004), is misplaced because she appeared for her scheduled hearing. It follows that Rodriguez–Paredes has not established a due process violation. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (petitioner must show error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.